UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARMEN GUERRIDO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>USCB, INC., and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 2:22-cv-00035<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, CARMEN GUERRIDO ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of USCB, INC. ("USCB") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for USCB's violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and for Experian's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and FCRA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Vigo County, Indiana, which lies within the Southern District of Indiana.

5. USCB is a third-party debt collector "providing ARM outsourcing services and revenue cycle management solutions to large health systems, hospitals, academic university medical centers, pharmacies, physician groups and foundations."[1] USCB is a corporation organized under the laws of the State of California, with its principal place of business, and registered agent – Pedro Guijarro, located at 355 South Grand Avenue, Suite 3200, Los Angeles, California 90071. USCB is also a furnisher of credit information to the major credit reporting agencies ("CRAs"), including co-Defendant Experian.

6. Experian "create[s] credit reports by collecting and analysing credit histories," and "share[s] this information with businesses so they can calculate a credit decision, usually using a credit score."[2] Experian is a corporation organized under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

---

[1] https://uscbamerica.com/history/
[2] https://www.experianplc.com/about-us/our-business-activities/consumer-services/

8.  Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  Several years ago, Plaintiff became the victim of identity theft, when an unknown individual began applying for, and opening, various credit cards using Plaintiff's personal information without her knowledge.

10. Since then, Plaintiff has attempted to regain a firm grip on her credit profile and has made numerous efforts to remedy the errors on her credit report resulting from the fraudulent accounts that were opened.

11. For instance, Plaintiff filed a police report with the Terre Haute Police Department ("the police report"), and also communicated with the Internal Revenue Service ("IRS") regarding her identity theft.

12. Worried that these fraudulent accounts were reporting to her credit file, Plaintiff also obtained a copy of her consumer credit reports through the three major credit reporting agencies (the "CRAs").

13. Plaintiff was taken aback when she noticed that Experian was reporting a wide-array of inaccurate information.

14. For instance, Experian set forth multiple accounts pertaining to addresses at which Plaintiff never resided, including but not limited to 15130 S. Raymond Ave., Apt. 105, Gardena, CA 90247-3417.

15. Plaintiff has never resided in the state of California, so it was clear that any accounts associated with those addresses belonged to an unknown third-party whose information was being associated and/or mixed by Experian into Plaintiff's credit file.

16. Fearing that this inaccurate information was a result of the identity theft, in October 19, 2020, Plaintiff initiated a written credit dispute to the CRAs, in which she included the following information and requests:

> I have enclosed a police report and proof of my identity. The following information is fraudulent and negatively affecting my credit:
>
> Addresses - I have never lived in California so these addresses are fraudulent:
> - 15130 S Raymond Ave Apt 105, Gardena CA 90247-3417
> - 4340 Manhattan Beach Blvd Apt 4, Lawndale, CA 90260-2624
>
> Accounts – I have never opened a Capital One account, so the following accounts do not belong to me:
> - Capital One 517805877041**** opened on 08/2017 with $678 balance (not mine)
> - Portfolio Recovery 517805877041**** with a balance of $464 (not mine)
> - Portfolio Recovery 517805877041*** with a balance of $679 (not mine)
>
> Please verify with creditors and remove this fraudulent information from my credit report as soon as possible.

17. Plaintiff sent this dispute letter, along with a copy of her social security card, driver's license, and the police report, to Experian via certified U.S. mail.

18. Experian failed to reasonably investigate Plaintiff's dispute, as not only did it neglect to provide Plaintiff with a copy of any reinvestigation results, but the inaccurate and disputed information remained on Plaintiff's Experian credit report.

19. Seeing as though Experian was not complying with its statutory duty to investigate Plaintiff's dispute, Plaintiff was forced to contact the furnishers of information to ensure removal of the inaccurate information.

20. During the winter of 2021, Plaintiff was looking to secure a line of credit, so she accessed her credit reports to ensure that no negative accounts and information was reporting.

21. Much to Plaintiff's dismay, Experian was continuing to associate her with an unknown individual residing in California, as it displayed seven (7) different addresses located in California, and also indicated that Plaintiff was employed at "Richards Family Trust." *See* attached Exhibit A for a copy of relevant pages from Plaintiff's Experian credit report, dated December 3, 2021.

22. Again, Plaintiff never resided in California, nor was she ever employed by any entity named Richards Family Trust.

23. Moreover, Plaintiff was shocked to discover five (5) negative accounts bearing USCB's name, who was reporting in an active collection status, purported medical debt ("subject debt") incurred with "Kaiser Permanente," as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| USCB AMERICA | 31354385 | $155 as of 11/19/2021 | 01/2021 | Collection account. $155 past due as of Nov 2021. |
| 355 S GRAND AVE STE 3200 LOS ANGELES, CA 90071 844 437 8378 | Type Collection | Credit limit or original amount $155 | Date of status 01/2021 | Comment Affected by natural or declared disaster. |
| Address identification number 0234076835 | Terms 1 Months | High balance $0 | First reported 09/2021 | |
| | On record until Feb 2026 | Monthly payment $0 | Responsibility Individual | |
| Original creditor KAISER PERMANENTE SCAL | | Recent payment amount $0 | | |

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| USCB AMERICA | 31354389 | $192 as of 11/19/2021 | 01/2021 | Collection account. $192 past due as of Nov 2021. |
| 355 S GRAND AVE STE 3200 LOS ANGELES, CA 90071 844 437 8378 | Type Collection | Credit limit or original amount $192 | Date of status 01/2021 | Comment Affected by natural or declared disaster. |
| Address identification number 0234076835 | Terms 1 Months | High balance $0 | First reported 09/2021 | |
| | On record until May 2026 | Monthly payment $0 | Responsibility Individual | |
| Original creditor KAISER PERMANENTE SCAL | | Recent payment amount $0 | | |

| Account name<br>USCB AMERICA<br><br>355 S GRAND AVE STE 3200<br>LOS ANGELES, CA 90071<br>844 437 8378<br>**Address identification number**<br>0234076835<br><br>**Original creditor**<br>KAISER PERMANENTE SCAL | Account number<br>31355042<br><br>Type<br>Collection<br>Terms<br>1 Months<br><br>On record until<br>Nov 2026 | Recent balance<br>$184 as of<br>11/19/2021<br><br>Credit limit or original amount<br>$184<br>High balance<br>$0<br>Monthly payment<br>$0<br>Recent payment amount<br>$0 | Date opened<br>01/2021<br><br>Date of status<br>01/2021<br>First reported<br>09/2021<br>Responsibility<br>Individual | Status<br>**Collection account.<br>$184 past due as of<br>Nov 2021.**<br>Comment<br>Affected by natural or declared disaster. |

| Account name<br>USCB AMERICA<br><br>355 S GRAND AVE STE 3200<br>LOS ANGELES, CA 90071<br>844 437 8378<br>**Address identification number**<br>0234076835<br><br>**Original creditor**<br>KAISER PERMANENTE SCAL | Account number<br>31355681<br><br>Type<br>Collection<br>Terms<br>1 Months<br><br>On record until<br>May 2027 | Recent balance<br>$192 as of<br>11/19/2021<br><br>Credit limit or original amount<br>$192<br>High balance<br>$0<br>Monthly payment<br>$0<br>Recent payment amount<br>$0 | Date opened<br>01/2021<br><br>Date of status<br>01/2021<br>First reported<br>09/2021<br>Responsibility<br>Individual | Status<br>**Collection account.<br>$192 past due as of<br>Nov 2021.**<br>Comment<br>Affected by natural or declared disaster. |

| Account name<br>USCB AMERICA<br><br>355 S GRAND AVE STE 3200<br>LOS ANGELES, CA 90071<br>844 437 8378<br>**Address identification number**<br>0234076835<br><br>**Original creditor**<br>KAISER PERMANENTE SCAL | Account number<br>31354458<br><br>Type<br>Collection<br>Terms<br>1 Months<br><br>On record until<br>Aug 2026 | Recent balance<br>$192 as of<br>11/19/2021<br><br>Credit limit or original amount<br>$192<br>High balance<br>$0<br>Monthly payment<br>$0<br>Recent payment amount<br>$0 | Date opened<br>01/2021<br><br>Date of status<br>01/2021<br>First reported<br>09/2021<br>Responsibility<br>Individual | Status<br>**Collection account.<br>$192 past due as of<br>Nov 2021.**<br>Comment<br>Affected by natural or declared disaster. |

*See Id.*

24. Based on the address identification number pertaining to the USCB accounts, the subject debt was associated with one of the same California addresses that Plaintiff previously disputed with Experian – 15130 S. Raymond Ave., Apt. 105, Gardena, California 90247. *Id.*

25. Moreover, Kaiser Permanente only offers medical services to individuals residing in the following states: California, Colorado, Georgia, Hawaii, Maryland, Virginia, Ohio, Oregon, and Washington.[3]

26. Plaintiff has never obtained medical services through Kaiser Permanente, as she has only ever resided in Indiana and Puerto Rico.

27. Of the three major CRAs, Experian was the only CRA reporting the erroneous subject debt and addresses.

28. In an effort to ascertain additional information regarding the subject debt, Plaintiff immediately contacted USCB and informed it of its error.

29. During this phone call, USCB's representative acknowledged that the underlying debtor resided in California.

30. Plaintiff reiterated that she lives in Indiana and that she never resided in California, but in spite of this repeated information, USCB continued its efforts to collect upon the subject debt.

31. Feeling helpless, on December 7, 2021, Plaintiff initiated a *second* written credit dispute with Experian, in which she included the following information and requests:

> **Addresses - I have never lived in California** so these addresses are fraudulent and don't belong to me:
> - 15130 S Raymond Ave Apt 105, Gardena CA 90247-3417
> - 4340 Manhattan Beach Blvd Apt 4, Lawndale, CA 90260-2624
> - 14000 Cordary Ave, Apt. 41, Hawthorne, CA 90250
> - 24200 Walnut St., Spc 49, Torrance, CA 90501
> - 2420 Lucinut St., Torrance, CA 90501
> - 14000 Cordary Ave, Apt. 39, Hawthorne, CA 90250
> - 30260 Ortese Hwy, San Juan Capistrano, CA 92675
>
> **Accounts** – I have never been to Kaiser Permanente (I'm **not** from California), so the following accounts do not belong to me:
> - USCB America - #31354385 with $155 balance (not mine)
> - USCB America - #31354389 with $192 balance (not mine)
> - USCB America - #31354458 with $192 balance (not mine)
> - USCB America - #31355042 with $184 balance (not mine)
> - USCB America - #31355681 with $192 balance (not mine)
>
> I never worked at Richards Family Trust.

---

[3] https://healthy.kaiserpermanente.org/static/health/en-us/landing_pages/highlights/facilitydirectory.htm

32. Plaintiff sent this dispute letter, along with a copy of her social security card, driver's license, and the police report, to Experian via certified U.S. mail.

33. Experian received a copy of Plaintiff's dispute on or about December 13, 2021.

34. Despite receiving Plaintiff's second written dispute, Experian once again neglected to provide Plaintiff with a copy of any reinvestigation results.

35. Experian also failed to conduct a reasonable investigation into Plaintiff's dispute, as the inaccurate and disputed information remained on Plaintiff's Experian credit report.

36. Specifically, Experian continued to list the erroneous and disputed California address and employer. *See* attached Exhibit B for a copy of relevant pages from Plaintiff's Experian credit report, dated January 17, 2022.

37. Moreover, USCB was now reporting, in an active collection status, an entirely different account also purportedly owed to Kaiser Permanente, as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| USCB AMERICA | 32312619 | $147 as of 12/14/2021 | 03/2021 | Collection account. $147 past due as of Dec 2021. |
| 355 S GRAND AVE STE 3200 LOS ANGELES, CA 90071 844 437 8378 | Type Collection | Credit limit or original amount $147 | Date of status 03/2021 | Comment Affected by natural or declared disaster. |
| Address identification number 0234076835 | Terms 1 Months | High balance $0 | First reported 12/2021 | |
| Original creditor KAISER PERMANENTE SCAL | On record until Aug 2027 | Monthly payment $0 Recent payment amount $0 | Responsibility Individual | |

*See Id.*

38. Again, based on the address identification number pertaining to the USCB account, the debt was associated with the same California addresses that was included in Plaintiff's disputes with Experian – 15130 S. Raymond Ave., Apt. 105, Gardena, California 90247. *Id.*

39. Yet, Defendants negligently and willfully continued to set forth the erroneous information on Plaintiff's consumer credit report.

8

40. Both Experian and USCB were made aware that Plaintiff's credit information may have been mixed and/or associated with an unknown individual, but they failed to remedy their errors even after Plaintiff notified them of the same.

41. Any reasonable investigation engaged in by Experian and USCB would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

42. Upon information and belief, Experian also failed to place a "Do Not Merge" tag on Plaintiff's credit file after Plaintiff disputed the inaccurate information.[4]

43. Instead, Experian has continued to incorrectly report the disputed information and has repeatedly disseminated the same to various persons and credit grantors.

44. The reporting of the erroneous information is patently inaccurate and materially misleading given the complete absence of any relationship between Plaintiff and the disputed information.

45. Plaintiff exhausted all efforts to mitigate the inaccuracies in her credit file, but seeing no end to Defendants' unlawful conduct, she was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

46. Defendants' erroneous reporting paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt and personal information has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it erroneously misleads creditors into believing that Plaintiff has outstanding balances that will affect Plaintiff's ability to meet potential future obligations.

---

[4] The "Do Not Merge" procedure prevents the mixing of two consumers' credit histories because it uses very strict matching criteria. When a file has a "Do Not Merge" tag placed on it, digit-for-digit matching of all nine digits of a social security number is required. Implementing the "Do Not Merge" procedure only takes a few seconds, and after Experian determines that a consumer's credit file is indeed mixed, it only has to make a selection on the computer.

9

47. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

48. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically: the invasion of privacy, loss of sleep, exacerbation of her physical and medical ailments, the loss of credit and/or the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST USCB)

49. Plaintiff repeats and realleges paragraphs 1 through 48 as though full set forth herein.

50. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

51. USCB is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

52. USCB is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, USCB identifies itself as a "debt collector" attempting to collect a "debt." USCB identifies itself as a "debt collector" attempting to collect a "debt." USCB has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1973.[5]

---

[5] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7B568ABAA9-4442-EC11-8C62-000D3A5B843C%7D

53. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of the FDCPA § 1692e

54. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. In addition, this section enumerates specific violations, such as:

> (2) The false representation of -- (A) the character, amount, or legal status of any debt;
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

56. USCB violated 15 U.S.C. §§ 1692e, e(2)(A), e(8), e(10) through its efforts to collect upon the subject debt from Plaintiff, despite the fact that Plaintiff was not the correct debtor.  It was a false representation as to the character of the subject debt to suggest to Plaintiff, in its communications to the CRAs, that she owed the subject debt, when in fact she did not. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from attempting to collect debts which are not due and owing, thus underscoring the extent to which USCB's conduct materially harmed Plaintiff's interests protected by the FDCPA.

57. Moreover, USCB had knowledge that Plaintiff never resided at the disputed address, and even after Plaintiff notified it as such through her written dispute letter, USCB failed to correct its error and has continued to willfully communicate false credit information to the CRAs.

### ii. Violations of FDCPA § 1692f

58. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

59. USCB violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. USCB's communications unfairly suggested that Plaintiff owed the subject debt, when in fact she did not.

60. USCB further violated § 1692f when it proceeded with collection efforts against Plaintiff when it knew or should have known that Plaintiff was not the underlying debtor. Rather than listen to Plaintiff's information and consider its own information which would have led it to the conclusion that Plaintiff does not owe the subject debt, USCB nevertheless went on to engage in further collection efforts against Plaintiff. All of USCB's conduct was done with the unfair and unconscionable design of extracting payment from an innocent consumer, an innocent consumer with no liability on the debt serving as the basis of its collection efforts.

61. As set forth in paragraphs 46 through 48, *supra*, Plaintiff has been harmed and has suffered damages as a result of USCB's unlawful collection practices as described herein.

WHEREFORE, Plaintiff, CARMEN GUERRIDO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

62. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

63. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

64. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

65. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

66. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

    a. **Violations of 15 U.S.C. § 1681e(b)**

67. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

68. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

69. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

70. Experian knew that the inaccurate information contained in Plaintiff's credit file did not belong to Plaintiff after Plaintiff put Experian on notice of the same. In addition, Plaintiff's

subsequent Experian report reveals that Experian had knowledge of the unlawful merge, but yet failed to remedy its error.

71. Moreover, Experian was the only CRA that included the inaccurate information in Plaintiff's credit file, thus highlighting the fact that it has no reasonable procedures to assure maximum accuracy in preparing consumer reports.

72. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duties to report accurate and complete consumer credit information.

73. Despite actual knowledge that Plaintiff's credit file was being mixed and/or associated with that of another person, Experian readily sold false reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

74. According to industry-wide practice, Experian should have attached a "Do Not Merge" tag on Plaintiff's credit file to ensure that it would not continue to mix Plaintiff's credit file with another person.

75. Experian's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

76. As demonstrated by the facts, Experian's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

      **b.    Violations of 15 U.S.C. § 1681i- § 1681g**

77. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is

disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

78. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

79. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file

80. Through her multiple disputes with Experian, Plaintiff provided Experian with indisputable evidence demonstrating that she was not the individual who incurred the erroneous accounts, as there was another individual whose information was merged and/or associated with Plaintiff's credit file.

81. Had Experian taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff's credit file was being linked and/or associated with another individual who has no relationship with Plaintiff.

82. Instead, Experian erroneously indicated that the information contained in Plaintiff's consumer reports did, in fact, belong to Plaintiff.

83. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to the underlying creditors. Upon information and belief, Experian failed to send all relevant information submitted by Plaintiff to the underlying creditors demonstrating that Plaintiff's information has been merged and/or is being associated with an unknown third-party.

84. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed information.

85. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

86. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from the furnishers that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

87. Experian violated 15 U.S.C. §1681i(a)(6), as it failed to provide Plaintiff with reinvestigation results regarding her disputes.

88. Experian knew that the inaccurate reporting of the erroneous accounts in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

89. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

90. Despite having actual knowledge that Plaintiff's credit file was being associated with an unknown third-party, Experian readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

91. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

92. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

93. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

94. Experian acted reprehensively and carelessly by reporting and re-reporting the erroneous accounts and information. Experian knew that Plaintiff never resided in California, but yet, it continued to report collection accounts associated with that erroneous address, knowing that this information would be harmful to Plaintiff's creditworthiness.

95. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

96. As set forth in paragraphs 46 through 48, *supra*, Plaintiff has been harmed as a result of Experian's unlawful practices as described in this Complaint.

WHEREFORE, Plaintiff, CARMEN GUERRIDO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

DATED this 31st day of January, 2022.              Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Carmen Guerrido*